IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY LEWIS MARTINEZ, <br> ID # 01861958, <br> Petitioner, | ) <br> ) <br> ) <br> ) | |
| vs. | ) | No. 3:22-CV-673-X-BH |
| | ) | |
| KELLY STRONG, Warden, <br> Respondent. | ) <br> ) | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Motion to Extend Time for Filing Habeas Corpus*, received on March 22, 2022 (doc. 3). Based on the relevant filings and applicable law, this action should be **DISMISSED** for lack of subject matter jurisdiction.

I.    BACKGROUND

In 2013, Gregory Lewis Martinez (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), pleaded guilty to retaliation and evading arrest, and was fined and sentenced to 10 years' imprisonment in the TDCJ-CID. *See Martinez v. State*, Nos. 05–13–00834-CR, 05–13–00836–CR, 2014 WL 2743472, at *1 (Tex. App.—Dallas June 16, 2014, no pet.) On June 16, 2014, the state appellate court modified the judgment on the retaliation charge to correct the terms of the plea bargain, and it modified the judgment for the evading arrest charge to show the degree of the offense and the terms of the plea bargain, and to include a fine that was orally pronounced. *See id.* As modified, the judgments were affirmed. *See id.* Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

On July 29, 2015, Petitioner's first state habeas application regarding his retaliation conviction was denied without written order by the Texas Court of Criminal Appeals. *See Ex parte Martinez*, WR-83,406-02 (Tex. Crim. App. July 29, 2015). On September 23, 2015, his first state habeas application regarding his evading arrest conviction was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. *See Ex parte Martinez*, Nos. WR-83,406-01 (Tex. Crim. App. Sept. 23, 2015). Petitioner's second state habeas applications in each case were denied without written order on March 17, 2021. *See Ex parte Martinez*, Nos. WR-83,406-03, WR-83,406-04 (Tex. Crim. App. Mar. 17, 2021).

Petitioner now seeks a 90-day extension to file a § 2254 petition and for his filing "be considered as an equitable tolling request." (doc. 3 at 2.) He claims that the need for the extension is "due to the actions of TDCJ which denied me due process in my state habeas filing," and claims that the "actions of TDCJ since the filing of the application for writ in State Court have been retaliatory in nature and have caused harm to applicant by dening [sic] any further exhaustion remedies and not receiving timely notification of the denial, despite letter to the Court on March 1, 2021." (*Id.* at 2.)

## II.    JURISDICTION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). One of the ways that Title I of the AEDPA substantially changed the way federal courts handle habeas corpus actions was by imposing of a one-year statute of limitations for filing a federal petition. *See* 28 U.S.C. § 2244(d)(1). The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631,

645 (2010) (holding that the timeliness provision in the AEDPA is subject to equitable tolling). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Section 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* § 2244(d)(1). Federal courts lack jurisdiction to consider the timeliness of a habeas petition until it is actually filed. *See United States v. McFarland,* 125 F. App'x 573, 574 (5th Cir. 2005) ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'"); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 (N.D. Tex. Dec. 23, 2008) ("Federal courts do not 'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'") (quoting *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted)). A party invoking federal subject matter jurisdiction must present a justiciable case or controversy. *Gray,* 2008 WL 5385010, at *1 (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977)) (other citations omitted).

Here, a ruling on Petitioner's motion will require an advance determination of whether his petition will be time-barred and whether equitable tolling is applicable. As noted, § 2254 does not authorize a prospective extension of the statute of limitations. There is no adverse party before the Court at this time, and no concrete dispute to be decided. Accordingly, the Court lacks subject

matter jurisdiction to grant any relief.

## III. RECOMMENDATION

This action should be **DISMISSED** for lack of subject matter jurisdiction, unless Petitioner either submits a habeas petition on the appropriate form, *and* a motion to proceed *in forma pauperis* or the $5 filing fee, within the fourteen-day period for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 24th day of March, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE